[No. 20753. Department One. October 31, 1927.]

Iris I. Hunter, *Appellant,* v. Walter M. Hunter, *Respondent.*[1]

[1] Dismissal and Nonsuit (23)—Divorce (40)—On Court's Own Motion—Involuntary—Before Hearing. In an "uncontested" divorce action, it is error for the court to dismiss the case on its own motion before the plaintiff's evidence was concluded, upon plaintiff's statement as to the length of time the parties had been acquainted prior to marriage and had lived together as husband and wife, that not being alone sufficient to warrant denial of relief; in view of Rem. Comp. Stat., §§ 339, 368 fixing the order of proceedings for the production of evidence at the trial.

Appeal from a judgment of the superior court for Pierce county, Hodge, J., entered May 14, 1927, dismissing an action for divorce, on the court's own motion. Reversed.

*William P. McCarty* (*Harry H. Johnston,* of counsel), for appellant.

*Claud E. Wakefield,* for respondent.

*S. F. McAnally, amicus curiae.*

Per Curiam.—This is what is commonly known as an uncontested divorce suit, plaintiff appearing by her attorney, the defendant being in default, and the state of Washington being represented by the deputy prosecuting attorney.

The plaintiff was sworn, and after a few preliminary questions, the trial court, of its own volition, dismissed the action. The information on which the court acted had to do with the length of time these parties had been acquainted prior to marriage and had lived together as husband and wife prior to their separation some two years before. The allegations of plaintiff's

[1]Reported in 260 Pac. 531.

complaint, if substantiated, clearly entitled her to a divorce.

Section 368, Rem. Comp. Stat., [P. C. § 8487], provides:

"The order of proceedings on a trial by the court shall be the same as provided in trials by jury."

Section 339 [P. C. § 8504], provides that:

"The plaintiff, or the party upon whom rests the burden of proof in the whole action, must first produce his evidence, . . ."

In this case the plaintiff was not permitted to produce her evidence. This she was clearly entitled to do. The facts elicited and on which the trial court dismissed the action might well be considered in weighing the evidence as a whole, but are not of themselves sufficient to warrant the court in denying the plaintiff relief.

Judgment reversed with directions to the lower court to grant a new trial.